## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **NATALIE NICHOLE MOODY and** | ) | |
| **SHERENIA MOODY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 3:20-cv-01086** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **CLARENCE EARL FOSTER, III, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM

Before the court is the Rule 12(b)(6) Motion to Dismiss filed by defendant Clarence Earl Foster, III. (Doc. No. 12.) The motion is more properly characterized as a Rule 12(c) motion for judgment on the pleadings. Regardless, because both parties have submitted matters outside the pleadings and the plaintiff specifically requests that the motion be converted to one for summary judgment, but without requesting additional discovery or delay in ruling on the motion, the court will convert the motion into one for summary judgment and consider the evidentiary materials submitted by the parties. For the reasons set forth herein, the motion will be denied.

## I.    PROCEDURAL BACKGROUND

The plaintiffs, Natalie Nichole Moody and Sherenia Moody, are the adult daughters of Eugene Moody, who died as a result of complications following a kidney transplant operation performed by the defendant, Dr. Clarence Earl Foster, III, on December 25, 2017. The plaintiffs allege that Foster, prior to or during the surgery, negligently lacerated Eugene Moody's renal artery but failed to recognize either at the time or post-operatively that he had done so. Mr. Moody was discharged home shortly after the surgery and died on January 1, 2018, after bleeding internally

for days. The plaintiffs allege that Foster actively worked to conceal his negligence, misinformed Mr. Moody's relatives as to the true cause of his death, and refused to release Mr. Moody's full medical records until June 21, 2018. The plaintiffs allege that, as a result, the earliest date that Mr. Moody's representatives could have discovered that the defendant's negligent conduct had led to their father's death was June 21, 2018. (Complaint, Doc. No. 1.)

As set forth in the Complaint initiating this action, the plaintiffs, through counsel, filed a healthcare liability wrongful death lawsuit against Foster in Tennessee state court on October 7, 2019, under Tennessee's Healthcare Liability Act (THLA). (Doc. No. 1 ¶ 29.) Prior to filing that lawsuit, the plaintiffs had complied with the THLA's pre-suit notice requirement by giving Foster written notice of a potential medical malpractice claim at least sixty days before filing suit. (*Id.*) *See* Tenn. Code Ann. § 29-26-121(a)(1) ("Any person . . . asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.").[1] The plaintiffs do not allege that process was issued or served in that case, and the state-court record affirmatively shows that process was not served. (Doc. No. 13-2.)

On February 11, 2020, counsel for the plaintiffs filed a Notice of Voluntary Dismissal along with a proposed Order of Voluntary Dismissal, which the state court entered on February 21, 2020. (*See* Doc. Nos. 13-3, 13-4; *see also* Doc. No. 1 ¶ 29.) The Certificates of Service

---

[1] Medical malpractice claims under the THLA are governed by a one-year statute of limitations, which runs from the date on which the injury is "discovered." Tenn. Code Ann. §§ 29-26-116(a)(1) & (2), 28-3-104(a)(1)(A). Compliance with the notice requirement set forth at Tenn. Code Ann. § 29-26-121(a)(1) extends the one-year limitations period by 120 days. *Id.* § 29-26-121(c). The defendant concedes that the date of the "discovery" of Mr. Moody's injuries for statute of limitations purposes is "a disputed issue of fact" and, therefore, does not argue at this juncture that the initial lawsuit was barred by the statute of limitations. (Doc. No. 13, at 1 n.1.)

appended to both the Notice and the proposed Order and signed by plaintiff's counsel indicate that both documents were sent via first-class U.S. Mail to the defendant at 8280 W. Warm Springs Rd., Las Vegas, Nevada, 89113 on February 11, 2020. Although the Certificates of Service do not reference the original state-court complaint ("original complaint"), counsel for the plaintiff has submitted a Declaration in response to the Motion to Dismiss in which he attests: "On February 11, 2020, I caused the Notice of Voluntary Dismissal to be sent via First Class U.S. Mail to Defendant Clarence Earl Foster III, M.D., at his last known address, 8280 W. Warm Spring Rd., Las Vegas, NV, 89113. Enclosed within the same envelope was a copy of the [original] Complaint." (Doc. No. 15-1 ¶ 3 (internal citations to the record omitted).) Counsel also states that "the envelope containing the Notice of Voluntary Dismissal and Complaint were [sic] returned as undeliverable" on or before March 16, 2020. (*Id.* ¶ 4.)

On or about July 3, 2020, the plaintiffs again complied with the THLA pre-suit notice requirement by providing Foster with a notice of a potential claim. This notice was filed more than sixty days prior to the federal Complaint initiating this lawsuit, which was filed on December 18, 2020. (Doc. No. 1 ¶ 30.)

The defendant filed his Answer on February 24, 2021, denying that he acted negligently. (Doc. No. 7.) In addition, the defendant asserts as an affirmative defense that the current lawsuit is barred by the statute of limitations and not subject to Tennessee's so-called "saving statute," Tenn. Code Ann. § 28-1-105(a), because the defendant was never served with process in the original action in accordance with Rule 3 of the Tennessee Rules of Civil Procedure and was not served with "a copy of the Notice of Voluntary Nonsuit with a copy of the original Complaint at the time of the nonsuit in accordance with Tennessee Rule of Civil Procedure 41.01." (Doc. No. 7, at 8.)

Because the pleadings had closed, this court conducted an initial case management conference on March 8, 2021, during which the defendant signaled his intention to file a dispositive motion based on the statute of limitations. In the Order entered on the same day, the court set a briefing schedule for that motion and stayed discovery, while also notifying the plaintiffs that, if there were contested issues of fact on which they needed discovery in order to respond, they should file a motion for discovery after the filing of the defendant's dispositive motion. (Doc. No. 11.)

The defendant thereafter filed the present Motion to Dismiss and supporting Memorandum of Law (Doc. Nos. 12, 13), seeking dismissal on the same ground set forth in the Answer and raised in the case management conference: that the plaintiffs cannot rely upon the benefit of the tolling period created by Tenn. Code Ann. § 28-1-105(a), because the plaintiffs did not comply with Rule 3 or Rule 41.01 of the Tennessee Rules of Civil Procedure. The motion is accompanied by exhibits, including copies of the original complaint, state-court "Pleadings Report," Notice of Voluntary Dismissal, and Order of Voluntary Dismissal (Doc. Nos. 13-1 through 13-4), and the Declaration of Clarence Earl Foster, III, M.D., in which the defendant attests that he was never served with a Summons and original complaint in the state-court action and did not receive a copy of the original complaint or Notice of Voluntary Dismissal by mail or otherwise (Doc. No. 14-1 ¶¶ 4–5). The plaintiffs filed their Response in opposition to the motion, along with counsel's Declaration. (Doc. Nos. 15, 15-1.) The defendant has filed a Reply. (Doc. No. 16.)

## II. THE PARTIES' ARGUMENTS

In his Memorandum in support of his Motion for Summary Judgment, Foster asserts, as a factual matter, that "Plaintiffs did not serve a copy of the Complaint on Dr. Foster at the time of the voluntary dismissal of the first action; according to the Certificates of Service, Plaintiffs' counsel certified that he sent the Notice and the Order by regular mail to the listed address, but not a copy of the Complaint." (Doc. No. 13, at 3.) As a legal matter, the defendant argues that, because

the plaintiffs did not serve a summons and original complaint upon him when the state-court lawsuit was filed, they were required to comply strictly with Rule 41.01 of the Tennessee Rules of Civil Procedure by serving a copy of the complaint on him when they served the notice of voluntary nonsuit. (*See* Doc. No. 13, at 7 ("Under Rule 41.01, therefore, absent service of process in the first action, unless the plaintiff subsequently serves a copy of the notice of dismissal *and* a copy of the complaint on the defendant, then the plaintiff cannot rely on the savings statute to toll the statute of limitations." (emphasis in original)); *see id.* at 11 ("[A]s revealed by the certificates of service on the Notice and Order of Voluntary Dismissal and as confirmed by Dr. Foster's Declaration, Plaintiffs also did not serve Dr. Foster a copy of the Complaint at the time of the voluntary dismissal."); *see also* Doc. 14-1, Foster Decl. ¶¶ 4–5 (attesting that he did not receive a copy of the original complaint or the Notice or Order of Voluntary Dismissal).)

The defendant acknowledges that the Certificate of Service on the Notice of Voluntary Dismissal indicates service by mailing to the defendant's last known address, but he contends that "there is still no proof of record that a copy of the Plaintiffs' first Complaint was served with the Notice or Order of Voluntary Dismissal." (Doc. No. 13, at 11.) Citing Rule 5.03 and *Chase v. White*, Case No. 3:16-cv-01576, 2016 WL 7210155, at *5–8 (M.D. Tenn. Dec. 13, 2016),[2] he contends that, because there is no mention of the complaint in the Certificate of Service, the court must presumed that the original complaint was not served with the Notice of Voluntary Dismissal. He maintains that, "absent any Rule 5.03 evidence that the Plaintiffs served their first Complaint at the time and in the manner required by Rule 41.01," the present Complaint must be dismissed

---

[2] In *Chase*, this court granted a Rule 12(b)(6) motion to dismiss in a case postured similarly to this one, except that, in that case, it was uncontroverted that the plaintiff did not make any effort to serve the complaint or notice of voluntary dismissal on the defendants. 2016 WL 7210155, at *7–8.

as barred by the statute of limitations. (Doc. No. 13, at 11.)

In response to this argument, as indicated above, plaintiffs' counsel submitted his Declaration attesting that a copy of the original complaint was sent to the defendant's last known address in the same envelope as the Notice of Voluntary Dismissal and, therefore, that the plaintiffs complied with Rule 41.01 and effected service of both the Notice and the original complaint in accordance with Rule 5.02 of the Tennessee Rules of Civil Procedure. They point out that the defendant does not "challenge the *method* or the *address* on the certificate of service" or "dispute that compliance with Tennessee Rule of Civil Procedure 41.01 entitles Plaintiffs to the benefit of the savings statute." (Doc. No. 15, at 6 (emphasis in original).) Secondarily, the plaintiffs argue that the defendant did not suffer prejudice from the fact that the attempted service of the original complaint and Notice of Voluntary Dismissal failed, because he twice received the notice of a potential claim required by the THLA. They contend that, as a result, the objective of the saving statute has been achieved.

In his Reply, the defendant continues to maintain that dismissal under Rule 12 is required, because the plaintiffs did not allege facts in the Complaint that, if true, would trigger application of the saving statute. He also argues that, even under Rule 56, because it is undisputed that the plaintiffs never effectively delivered the original complaint and Notice of Voluntary Dismissal to him and that he never received actual notice of the filing of the lawsuit or its dismissal, technical "[c]ompletion of the mere act of service under Rule 5 is 'immaterial,'" and he is entitled to judgment in his favor. Rule 41.01, he argues, requires actual notice rather than attempted notice.

## III. STANDARD OF REVIEW

The motion is styled as a Rule 12(b)(6) motion, and the defendant continues to maintain that the motion was properly filed under Rule 12(b)(6). Motions under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). After the pleadings are

closed, "a party may move for judgment on the pleadings" under Rule 12(c). Because the defendant filed an Answer and the pleadings have closed, the motion would more properly have been styled as a Rule 12(c) motion. However, because the standard of review is the same under Rule 12(b) and Rule 12(c), *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012), this discrepancy is immaterial. Under Rule 12(b)(6) or Rule 12(c), the court "construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief." *Id.* (citations omitted).

A court evaluating a motion to dismiss is generally limited to consideration of the pleadings, as well as "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)) (alteration in original). On the other hand, if additional documents are "presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

In this case, although most of the documents submitted in connection the defendant's motion are either referenced in the Complaint or are matters of public record, both parties submitted declarations that fall outside the scope of material that the court may consider when ruling on a motion to dismiss, and the court declines to exclude the declarations. Accordingly, the motion must be converted into a motion for summary judgment. It further appears from the record that both parties were placed on notice of the potential conversion of the motion into one for summary judgment and have been given the opportunity to submit all of the available material

pertinent to the motion.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* Credibility judgments and weighing of evidence are improper in this context. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).

## IV. DISCUSSION

### A. Rule 12 Does Not Require Dismissal

State statutes of limitation apply to diversity actions brought in federal court. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745 (1980) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945)). Not only state statutes of limitation but also the "closely related questions of tolling and application" are "governed by state law." *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). State saving statutes are "[a]mong the tolling provisions interrelated with the statute of limitations." *Id.* at 331.

For purposes of the present motion, the court accepts as true the plaintiffs' allegation that they discovered their injury—and their cause of action accrued—on June 21, 2018. The Complaint initiating this action was filed on December 18, 2020—more than two years later. As a result, it is clearly barred by the statute of limitations unless Tennessee's saving statute applies. That statute states, in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . , the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). A voluntary dismissal without prejudice qualifies as a "judgment or decree . . . rendered against the plaintiff upon any ground not concluding the plaintiff's right of action." *See Watts v. Kroger Co.*, 102 S.W.3d 645, 647 (Tenn. Ct. App. 2002). The sole question posed by the defendant's motion in this case is whether the present Complaint is "saved" from the operation of the applicable statute of limitations by § 28-1-105(a).

In his Reply, the defendant continues to argue that the Rule 12 standard applies to this question and requires dismissal, because the plaintiffs failed to allege facts showing that they are entitled to the benefit of the saving statute. The law is clear, however, that the statute of limitations is an affirmative defense on which the *defendant* bears the ultimate burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Generally, it is not appropriate to grant a Rule 12(b)(6) (or Rule 12(c)) motion to dismiss on the basis of an affirmative defense, because a plaintiff is not ordinarily required to anticipate and plead facts to avoid potential defenses. *See, e.g.*, *Est. of Barney v. PNC Bank, N.A.*, 714 F.3d 920, 926 (6th Cir. 2013); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). At the same time, the Sixth Circuit has recognized that, when the "face of the complaint discloses a failure to file within the time allowed," a plaintiff incurs an "obligation to plead facts in avoidance of the statute of limitations defense." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 744 (6th Cir. 1992). That is, a motion to dismiss can be granted based on the statute of limitations "if a plaintiff affirmatively pleads himself out of court." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014).

The defendant appears to be attempting to invoke this principle when he asserts that his Rule 12 motion should not be converted to a Rule 56 motion, "because Plaintiffs failed to allege any facts whatsoever in their Complaint that, if taken as true, trigger the savings statute." (Doc.

No. 16, at 1.) The plaintiffs, however, did not plead themselves out of court. Rather, although the Complaint alleges facts that might show that the plaintiffs' medical malpractice claim is time-barred, because this suit was filed more than one year after their claim accrued, it also alleges facts that, if true, give rise to an inference that the saving statute applies to their claim and allows them to avoid dismissal based on the statute of limitations. Specifically, they allege facts showing that the original complaint was filed in state court within the statute of limitations, that it was voluntarily dismissed without prejudice, and that the Complaint initiating this lawsuit was filed within one year of the dismissal date.

These facts give rise to an inference that the saving statute applies. It is the defendant who alleges additional facts and arguments that, if well taken, would mean that the plaintiffs are not entitled to the benefit accorded by the saving statute. The plaintiffs, however, were not required to anticipate those arguments. They pleaded facts sufficient to allow them to avoid the statute of limitations, and that is all that is required at this juncture to avoid dismissal under Rule 12. The court, therefore, rejects the defendant's argument that dismissal should be granted under Rule 12 and proceeds to review the defendant's remaining arguments under Rule 56.

## B. Compliance with Rules 41.01 and 5.02 of the Tennessee Rules of Civil Procedure

As set forth above, the first requirement of the saving statute is that the initial action be "commenced within the time limited by a rule or statute of limitation." Tenn. Code Ann. § 28-1-105(a). Under Tennessee law, a civil action is generally "commenced" by the filing of a complaint with the clerk of the court. Tenn. R. Civ. P. 3. Further, "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." *Id.* However, if no process is issued, "the plaintiff cannot rely upon the original commencement to toll the running of a statute

of limitations unless the plaintiff continues the action by obtaining issuance of . . . process . . . within one year of the filing of the complaint." *Id.*

There is no dispute in this case that the plaintiffs did not technically "commence" an action in state court under Rule 3, because process remained unissued after the filing of the original complaint and, not having been issued, was never served on the defendant. Thus, under a strict reading of Rule 3, the plaintiffs would not be able to benefit from the saving statute.

However, the Tennessee Supreme Court has also recognized that, in addition to complying with Rule 3 to commence an action, "a plaintiff may request a voluntary dismissal within the one-year time period under Rule 3, without having served process, and still rely on the original date of commencement to satisfy a statute of limitations if the plaintiff serves a copy of the Notice of Voluntary Dismissal and the complaint on the defendant as required by Rule 41.01." *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 711 (Tenn. 2002) That rule provides, as relevant here, that

> the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and *if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party* . . . .

Tenn. R. Civ. P. 41.01(1) (emphasis added). As the Tennessee Supreme Court explained in *Frye*:

> we read Rule 41.01's requirement of service of a copy of the Notice of Voluntary Dismissal and complaint to satisfy Rule 3's ultimate goal of having process served on the defendant. Although this is not technically process because a summons is not served on the defendant at this time, the service of a copy of the Notice of Voluntary Dismissal and the complaint are appropriate in this situation, and provide (1) notice of the action and the filing of the complaint and (2) notice that the plaintiff may commence a new action under the Tennessee saving statute within one year of the nonsuit.

*Frye*, 70 S.W.3d at 716. The court held in that case that, because the plaintiff never served the defendant with process in the original lawsuit and, when he filed a notice of voluntary dismissal,

he did not make any effort to serve either the notice or a copy of the original complaint on the defendants, the plaintiff had not complied with Rule 3 or Rule 41.01 and, therefore, could not "rely upon the benefit of the one-year tolling period of the saving statute to avoid the bar of the statute of limitations." *Id.* at 717. As a result, his re-filed lawsuit raising the same malpractice claim was time-barred. *Id.*

Because the plaintiff in *Frye* never even attempted to comply with Rule 41, the Tennessee Supreme Court was not called upon to address what type of service was sufficient to comply with that rule. Following *Frye*, however, the Tennessee Court of Appeals, in an unpublished opinion, was squarely confronted with that question. In *Boone v. Morris*, No. M2002-03065-COA-R3-CV, 2004 WL 2254012 (Tenn. Ct. App. Oct. 6, 2004), the plaintiff filed a personal injury lawsuit arising from a vehicular accident against the driver of the other vehicle in the accident and his employer. Prior to service of the summons and complaint, the plaintiff took a voluntary nonsuit and then, within the year allowed by the saving statute, refiled his lawsuit. The trial court found that the second action was time-barred because the plaintiff had not complied with Rule 41.01 by effecting service of the summons and complaint upon the defendants under Rule 4 of the Tennessee Rules of Civil Procedure when he filed the notice of voluntary dismissal. On appeal, the appellate court reversed, specifically recognizing that "[s]trict compliance with Tenn. R. Civ. P. 41.01 is required" but concluding, in a thoughtful and well reasoned opinion, that the term "serve" as used in Rule 41.01 meant service pursuant to Rule 5.02 of the Tennessee Rules of Civil Procedure and not pursuant to the more stringent requirements of Rule 4.04. *Boone*, 2004 WL 2254012, at *6; *accord Kendall v. Vanderbilt Bill Wilkerson Ctr.*, No. M2004-00993-COA-R3CV, 2005 WL 1390047, at *2 (Tenn. Ct. App. June 13, 2005) ("Tenn. R. Civ. P. 41.01 requires a plaintiff who files a notice of voluntary dismissal to serve a copy of the notice on all parties. It further provides that if a

defendant has not been served with the summons and complaint, the plaintiff must also serve a copy of the complaint on the defendant. In such cases, however, the plaintiff need not obtain formal service of process on the defendant as Tenn. R. Civ. P. 4 requires. Service pursuant to Tenn. R. Civ. P. 5.02 is sufficient." (citing *Boone*, 2004 WL 2254012, at *6)). *See also Markowitz v. Harpe*r, 197 F. App'x 387, 391 (6th Cir. 2006) ("*Boone* is an intermediate Tennessee appellate court decision, and while it is unpublished, its reasoning is sound.").

Rule 5.02 provides, in relevant part, that service on a party who is not represented by counsel "may be made by . . . mailing [a copy of the document to be served] to such person's last known address, or if no address is known, by leaving the copy with the clerk of the court." Tenn. R. Civ. P. 5.02 (1). The rule also states that "[s]ervice by mail is complete upon mailing." *Id.* In *Boone*, the defendants argued that, even if Rule 5 rather than Rule 4 applied, they were still entitled to summary judgment, because "there is no contemporaneous record of mailing as required by Rule 5.03." *Id.* at *7. The court interpreted that argument as referring to the certificate of service on the notice of voluntary dismissal, which did not state that a copy of the complaint was included with it. *Id.* at *8. The court rejected that argument too. In responding to the defendant's motion for summary judgment, counsel for the plaintiff had submitted an affidavit in which he stated:

> To the best of my knowledge, information and belief I followed all of the requirements of Rule 41 T.R.C.P. Specifically, a copy of the notice, order and complaint were sent to the defendants through the U.S. mail, postage prepaid at the address where I thought the defendants were doing business at the time.

*Id.* at *8. The court found that, because Tenn. R. Civ. P. 5.03 provides for proof of service to be in the form of a "certificate of a member of the Bar of the Court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court," the affidavit of counsel stating that he had included a copy of the complaint along with the notice of nonsuit was sufficient, at least for purposes of creating a material factual dispute and defeating the defendant's motion for

summary judgment. *Boone*, 2004 WL 2254012, at *8.[3]

### C.    Actual Notice

There is no dispute in this case that the plaintiffs effected "service" of the Notice of Voluntary Dismissal on the defendant, in accordance with Tenn. R. Civ. P. 5.02, when they, through counsel, mailed the notice to the defendant's last known address in Las Vegas. Moreover, plaintiffs' counsel's Declaration, under *Boone*, is sufficient to give rise to a material factual dispute as to whether the mailing to the defendant included a copy of the original complaint as well and therefore complied with Rule 41.01.

Confronted with this evidence, the defendant changes tack, arguing that it is undisputed that he did not receive actual notice of the filing of the original complaint or its dismissal and that attempted notice by means of service in accordance with Rule 5.02 is not sufficient if the plaintiff has actual knowledge that the service by mail did not reach the defendant. He argues that *Boone* is not dispositive, because the defendants in that case did not affirmatively show that they had never received the notice of dismissal or a copy of the original complaint. He insists that the purpose of Rule 41.01 is to ensure "actual notice":

> [T]he Rule contemplates that if plaintiff has failed to serve process at the outset of the action, and thus failed to provide actual notice to the party affected, then service of the pertinent pleadings "on," not merely "to," that party will "satisfy Rule 3's ultimate goal of having process *served on* the defendant." *Frye*, 70 S.W.3d at 716–717 (emphasis added). It would be illogical to conclude otherwise: that the standard—i.e., a mechanism that necessarily results in actual notice—could be circumvented completely by the exception—i.e., a mechanism that does not necessarily result in actual notice. In other words, a contrary construction, under the circumstances presented here, would render meaningless the "ultimate goal" of

---

[3] The summary judgment standard in effect in Tennessee at the time required the defendants to "affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." *Boone*, 2004 WL 2254012, at *9 (quoting *Staples v. CBL Associates, Inc.*, 15 S.W.3d 83, 88–89 (Tenn. 2000)). The court also noted, however, that the defendants had failed even to show that a material factual dispute existed as to whether the documents were mailed to an improper address or as to whether they had received the documents.

notice, which as stated by the Court who drafted the Rule, is of "paramount importance."

(Doc. No. 16, at 5.)

*Frye* does indeed talk about the importance of notice:

We read Rule 41.01's requirement of service of a copy of the Notice of Voluntary Dismissal and complaint to satisfy Rule 3's ultimate goal of having process served on the defendant. Although this is not technically process because a summons is not served on the defendant at this time, service of a copy of the Notice of Voluntary Dismissal and the complaint are appropriate in this situation, and provide (1) notice of the action and the filing of the complaint and (2) notice that the plaintiff may commence a new action under the Tennessee saving statute within one year of the nonsuit.

*Frye*, 70 S.W.3d at 716. But *Boone* confirmed, reasonably, that "service" under Rule 5.02 is sufficient to satisfy the "service" requirement in Rule 41.01. *Boone*, 2004 WL 2254012, at *6. And that rule, by permitting service by mailing a copy of the document to be served to a defendant's "last known address, or if no address is known, by leaving the copy with the clerk of the court," Tenn. R. Civ. P. 5.02(1), necessarily countenances the possibility that an intended recipient may not actually receive the document. No Tennessee court has held that the fact that service by mail to a defendant's last known address under Rule 5.02(1) did not result in the defendant's actual *receipt* of the document deprives a plaintiff of the ability to rely on the saving statute.

Moreover, while the defendant asserts that *Frye* requires "actual notice," he does not provide any legal support for the proposition that service upon a defendant by mailing a document to his last known address does not, under the law, constitute "actual notice" or satisfy Rule 41.01. That is, although Tennessee courts have repeatedly stated that the "key to determining whether a plaintiff may benefit from the savings statute is notice to the defendant," *Tangradi v. Baptist Mem'l Hosp.*, No. 1:10-cv-01115-JDB, 2012 WL 2681806, at *4 (W.D. Tenn. July 6, 2012) (citing *Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn. 1996)), these cases do not substantially aid the defendant's position, because none of them actually defines the type of "notice" required in this particular

context.

In *Henley*, the Tennessee Supreme Court noted that it was "well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal." *Henley*, 916 S.W.2d at 916 (citing *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1974)). The court reiterated that the statute's "broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." *Id.* at 918 (quoting *Burns v. People's Tel. & Tel. Co.*, 33 S.W.2d 76, 78 (Tenn. 1930)). This court, however, does not read the cases upon which the defendant relies as requiring the interpretation of notice that he seeks. Rather, *Burns* and *Henley* suggest that the filing of a lawsuit *per se* may provide notice.

In *Wilson v. Blount County*, 207 S.W.3d 741 (Tenn. 2006), the Tennessee Supreme Court addressed whether a county had provided effective service to a property owner in tax lien proceedings, under Tenn. Code Ann. § 67-5-2415. The statute at issue provides three means of service: service by personal service of process, "actual notice of the proceedings by mail or otherwise," or "constructive notice by publication." Tenn. Code Ann. § 67-5-2415(a)(1)–(3). The court found that the county in that case had not shown that it had effected service by any acceptable means. In particular, the court found that service by publication was not effective under the circumstances presented there, because the county could have but made no attempt to effect service by mail. The court recognized that "due process does not require that a party *receive* actual notice; it requires only that the government choose a method of notification that is reasonably calculated to *provide* notice." *Wilson*, 207 S.W.3d at 749 (emphasis in original). In other words, *Wilson* suggests that mailing a document to an address that a party reasonably believes to be correct

qualifies as "actual" notice, even if the addressee never receives it. The court also recognized that the term "actual notice" has "unfortunately, led to some confusion. 'Actual notice' has been used both (1) to distinguish notice by personal service or service by mail from 'constructive service' and (2) to refer to actual receipt of notice by a party." *Id.* at 750 (citing *Dusenbery v. United States*, 534 U.S. 161, 169 n.5 (2002)). In other words, both *Wilson* and Tenn. R. Civ. P. 5.02 suggest that service upon a defendant's last known address, if reasonably calculated to provide notice, qualifies as "actual notice," even if the addressee never actually receives the mailing.

Again, the defendant in the present case does not argue that the plaintiff was unreasonable in sending the Notice of Voluntary Dismissal and original complaint to the address identified on the Certificate of Service, nor does he suggest what further action the plaintiffs should have taken to verify his correct address or to ensure that he actually received the Notice of Voluntary Dismissal and original complaint. To be sure, plaintiff's counsel likely could and should have avoided this entire controversy by making additional efforts to ensure that the defendant actually *received* notice of the previous lawsuit and its dismissal. However, for purposes of the defendant's motion, the record reflects that counsel complied with Rule 5.02, and under *Boone*, the Certificate of Service on the Notice of Voluntary Dismissal, coupled with counsel's Declaration that the notice was accompanied by a copy of the original complaint, satisfies the proof-of-service requirement in Rule 5.03. Giving the saving statute a "broad and liberal construction" in furtherance of the goal of resolving this dispute on its merits, *Henley*, 916 S.W.2d at 916, the court finds that the plaintiffs complied with Rule 41.01.

## V.    CONCLUSION

For the reasons set forth herein, the court will convert the defendant's motion into one for summary judgment and deny the motion.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge